John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail:  jfiero@pszjlaw.com
              jrosell@pszjlaw.com

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
LARSON & ZIRZOW LLC
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel:  (702) 382-1170
Email:   mzirzow@lzlawnv.com
              zlarson@lzlawnv.com

*Counsel to the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No. 22-14422-NMC<br><br>Chapter 11 |
| WHITE WINSTON SELECT ASSET FUNDS, LLC<br><br>Plaintiff<br><br>v.<br><br>EMPERY TAX EFFICIENT LP, EMPERY TAX EFFICIENT III, EMPERY DEBT OPPORTUNITY FUND, LP, EMPERY MASTER ONSHORE, LLC, IONIC VENTURES, LLC, INTRACOASTAL CAPITAL LLC, BIGGER CAPITAL FUND, LP, DISTRICT 2 CAPITAL FUND LP, L1CAPITAL GLOBAL OPPORTUNITIES MASTER FUND, ALTIUM GROWTH FUND, LP, CVI INVESTMENT INC., ROTH CAPITAL PARTNERS, LLC, and WALLEYE OPPORTUNITY MASTER FUND LTD.<br><br>Defendants. | Adv. P. No. 23-01014-NMC<br><br>***EMERGENCY* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERVENE IN ADVERSARY PROCEEDING**<br><br>Hearing: Motion to Shorten Time Requested |

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor (the "Debtor") hereby files this motion (the "Motion") to intervene in the above-captioned

DOCS_SF:108658.2

adversary proceeding (the "Adversary Proceeding"), pursuant to pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 24 of the Federal Rules of Civil Procedure (the "Civil Rules"), and section 1109(b) of Title 11 of the United States Code (the "Bankruptcy Code"). In support of the Motion, the Committee respectfully states as follows:

## RELEVANT BACKGROUND

On December 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

On January 4, 2023, the United States Trustee appointed the following members to the Committee: (i) Atlantic Grain & Trade, (ii) JW Nutritional, LLC, and (iii) MHF Opco, LLC (f/k/a Mill Haven Foods, LLC). On February 21, 2023, the United States Trustee appointed two additional members to the Committee: (i) Excelsior Nutrition, Inc. and (ii) S.K. Laboratories, Inc.

On March 8, 2023, the Bankruptcy Court entered the *Final Order Regarding Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Fed. R. Bankr. P. 4001(B) and 4001(D): (I) Authorizing the Debtor to Obtain Post-Petition Financing; (II) Granting Priming Liens and Administrative Expense Claims; (III) Determining Adequate Protection; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Bankr. Docket No. 296] (the "Final DIP Order"). Pursuant to paragraph 7 of the Final DIP Order, the Debtor stipulated, except to the extent successfully challenged in a challenge brought in the applicable Challenge Period (defined below), that the defendants named in this Adversary Proceeding (collectively, the "Prepetition Secured Parties") would have an allowed prepetition secured claim against the Debtor in "an amount ***not less than*** $12.84 Million (the "Allowed Claim"), which is the principal amount of the Prepetition Notes, including the original issue discount." Final DIP Order at ¶ 7 (emphasis added).

Pursuant to paragraph 9 of the Final DIP Order, the Debtor also released, except to the extent successful and timely challenged, the Prepetition Secured Parties from "any and all claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative claims asserted or which could be asserted on behalf of the [Debtor], whether known or

2

DOCS_SF:108658.2

unknown, foreseen or unforeseen, existing in law, equity or otherwise . . . relating to . . . the Prepetition Notes or the Prepetition Liens (as defined in the Loan Documents). . . ." Final DIP Order at ¶ 9.

Paragraph 4 of the Final DIP Order provides as follows:

> <u>Approval of the Challenge Periods</u>. The Committee shall have until April 10, 2023 (such period, the "<u>Committee Challenge Period</u>") to investigate and challenge and otherwise object to the allowance of the Allowed Claim (defined below). The Releases (included in this Final Order and which are included in the Loan Documents) are not a defense to a claim objection brought by the Committee during the Committee Challenge Period. White Winston shall have until March 9, 2023 (such period, "<u>White Winston Challenge Period</u>," and together with the Committee Challenge Period, the "<u>Challenge Periods</u>") to investigate, challenge and otherwise object to the allowance of the Allowed Claim (other than challenges and objections based upon the Debtor's or the Estate's claims). If an objection to the Prepetition Secured Parties' prepetition claim is timely filed during the required Challenge Period in the Bankruptcy Court, then: (i) the Prepetition Secured Parties' prepetition claim shall not be deemed an "allowed claim" to the extent objected to in such objection absent the Prepetition Collateral Agent (as defined in the Loan Documents) obtaining a further order of the Bankruptcy Court, unless the objection is withdrawn; (ii) the Prepetition Collateral Agent shall not be entitled to the Prepetition Collateral Agent Credit Bid Obligations (as defined in the Loan Documents) unless the Prepetition Collateral Agent obtains a further order of the Bankruptcy Court, unless the objection is withdrawn; (iii) if a sale of Debtor's assets occurs before such claim objection is resolved, such sale proceeds will be held by the Estate to the extent of the objection unless the Prepetition Collateral Agent obtains a further order of the Bankruptcy Court, unless the objection is withdrawn; and (iv) the Releases (included in this Final Order and which are included in the Loan Documents) are not a defense to such claim objection brought by White Winston. The Prepetition Collateral Agent's rights to respond on behalf of Prepetition Collateral Agent and the Prepetition Secured Parties to any challenges raised by the Committee or White Winston (or any party) are preserved.

On March 9, 2023, White Winston Select Asset Funds, LLC ("<u>White Winston</u>") commenced this Adversary Proceeding. As set forth in the *Complaint* [Adv. Pro. Docket No. 1] (the "<u>Complaint</u>"), White Winston challenges the validity of the Allowed Claim. Specifically, White Winston asserts that (i) the Allowed Claim arises from the purchase and sale of securities and should be subordinated to the claims of general unsecured creditors, (ii) the Prepetition Secured Parties engaged in predatory lending practices and the Allowed Claim must be equitably subordinated to the claims of general

3

unsecured creditors, and (iii) that the prepayment penalty, interest, and fees, are generally unenforceable penalties that must be disallowed under applicable state law and the Bankruptcy Code.

On March 27, 2023, the Debtor and the Committee entered into that certain *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action* [Bankr. Docket No. 349] (the "Standing Motion").  Pursuant to the Standing Motion, the Committee is granted exclusive standing to "prosecute, mediate, and/or settle all claims and causes of action related to the Allowed Claim on behalf of the Debtor's estate (i) that are property of the Debtor's estate under section 541 of the Bankruptcy Code, (ii) that arise under sections 544, 546, 547, 548, 549, and 550 of the Bankruptcy Code, or (iii) that arise under section 510(b) of the Bankruptcy Code, against the [Defendants]."  Standing Motion at ¶ 1.

As of the filing of this Motion, (i) the Prepetition Secured Parties have **not** filed a proof of claim or otherwise asserted the final amount of the Allowed Claim and (ii) the Prepetition Secured Parties have **not** answered or otherwise responded to the Complaint.  Accordingly, the Adversary Proceeding is in its procedural infancy.  The Committee brings this motion on an emergency basis to ensure that the challenge responsibilities abdicated by the Debtor under the Final DIP Order are timely presented within the Committee Challenge Period that expires at midnight on April 10, 2023.

**RELIEF REQUESTED**

The Committee submits this Motion to intervene in the Adversary Proceeding pursuant to Bankruptcy Rule 7024 and Civil Rule 24(a) and (b).  The outcome of the Adversary Proceeding will materially impact the interests of the Debtor's estate and its creditors.  As a result, the Committee has an interest in the outcome of the Adversary Proceeding.

The Committee has refrained filing an action with this Bankruptcy Court, similar to the pending Adversary Proceeding, in the interest of conserving the estate's limited resources and for judicial efficiency.[1]

---

[1] The Committee's interest in judicial economy can also be seen in its efforts to intervene by way of a stipulation with White Winston and the Empery defendants in the Adversary Proceeding.  However, the Empery defendants – apparently preferring to defend two separate challenges to the releases, debt, and liens validated in the Final DIP Order – were unwilling to agree.

4

## BASIS FOR RELIEF REQUESTED

The Committee seeks both to intervene as of right and permissibly in this Adversary Proceeding. Bankr. R. 7024; Fed. R. Civ. P. 24(a), (b).

Section 1109(b) of the Bankruptcy Code provides as follows:

> A party in interest, including the debtor, the trustee, *a creditors' committee*, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in any case under this chapter.

11 U.S.C. § 1109(b) (emphasis added). Accordingly, the Committee is explicitly authorized to be heard on any issue in this Chapter 11 Case, including the Adversary Proceeding.

Civil Rule 24, made applicable to this Adversary Proceeding by Bankruptcy Rule 7024, provides in pertinent part:

> (a) <u>Intervention of Right</u>. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) <u>Permissive Intervention</u>. (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24; *In re Weingarten*, 492 Fed. Appx. 754, 755 (9th Cir. 2012) ("Rule 7024 of the Federal Rules of Bankruptcy Procedure makes Rule 24 applicable to bankruptcy adversary proceedings.").

### A.    **Intervention as of Right**

To intervene as of right, the party's motion must be "timely" and a statute of the United States must confer such right. The Committee submits that its Motion is timely and that pursuant to section 1109(b) of the Bankruptcy Code, Bankruptcy Rule 7024, and Ninth Circuit precedent, it has the unconditional right to intervene in this Adversary Proceeding.

DOCS_SF:108658.2

The Motion is timely, as the Adversary Proceeding has just begun. The Adversary Proceeding was commenced by White Winston on March 9, 2023. The Committee filed this Motion on March 28, 2023 – 19 calendar days after the commencement of the Adversary Proceeding and 13 calendar days before the expiration of the Committee Challenge Period. Moreover, the Defendants have yet to file any answer or responsive pleading to the Complaint. Accordingly, neither the Plaintiff, nor the Defendants, will be prejudiced by the Committee's intervention.

As a result of the timeliness of the Motion, the Committee has the absolute right to intervene in this Adversary Proceeding. As discussed above, section 1109 of the Bankruptcy Code explicitly provides that a creditors' committee – which owes fiduciary duties to all general unsecured creditors – is a "party in interest" that may be heard on any issue in a chapter 11 case. Accordingly, Civil Rule 24(a)(1), made applicable to this Adversary Proceeding pursuant to Bankruptcy Rule 7024, provides the Committee with an unconditional right to intervene in this Adversary Proceeding.

Moreover, the Committee has a strong interest in the outcome of the Adversary Proceeding and in ensuring that the litigation is properly prosecuted. The extent and validity of the Allowed Claim is a critical aspect of the Chapter 11 Case and will play a material role in determining the recovery to general unsecured creditors. In addition, the Committee anticipates that the Debtor and/or the Defendants will assert that White Winston does not have standing to challenge the validity of the Allowed Claim under section 510(b) of the Bankruptcy Code. Accordingly, it is critical that the Committee, who has been granted standing to assert an objection based upon section 510(b) of the Bankruptcy Code, participate in this Adversary Proceeding to preserve and advance any such legal challenge. *See* Standing Stipulation at ¶ 1. Absent intervention, the Committee's interests cannot be adequately represented by White Winston given it may lack standing to assert critical defenses to the Allowed Claim and because the Committee represents the interests of all general unsecured creditors and acts as their fiduciary.

Because the Committee is a "party in interest" as required by section 1109 of the Bankruptcy Code and Civil Rule 24(a) and given the Committee's unique standing and interest in the outcome of this Adversary Proceeding, this Bankruptcy Court should permit the Committee to intervene as of right in this Adversary Proceeding.

DOCS_SF:108658.2

### B. Permissive Intervention

Civil Rule 24(b) provides that a party may intervene where it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

This Adversary Proceeding is exactly the case envisioned by Federal Rule 24(b). The Complaint raises legal challenges to the validity of the Allowed Claim that directly impact general unsecured creditors. The Committee believes that the claims in the Complaint are colorable. Accordingly, absent intervention, the Committee will be required to draft its own complaint and initiate a parallel adversary proceeding. Not only would such an effort be a waste of estate resources, it would also be a waste judicial resources.

As discussed above, there is no prejudice to either Plaintiff or to the Defendants because the Committee's intervention will raise no additional questions or law or fact and will not delay or prejudice the adjudication of the Adversary Proceeding.

In fact, only the failure to intervene would cause undue burden and prejudice. For example, by permitting the Committee to intervene, the parties will not need to waste resources (including the Bankruptcy Court's resources) adjudicating the issue of standing under section 510(b) of the Bankruptcy Code. Moreover, it would run counter to the interests of judicial economy and the preservation of the estate's limited resources if the Committee were to have to litigate a challenge to the Allowed Claim separately.

### CONCLUSION

WHEREFORE, the Committee respectfully requests that this Bankruptcy Court (i) issue an order pursuant to Bankruptcy Rule 7024 permitting the Committee to intervene in this Adversary Proceeding, and (ii) grant the Committee such other and further relief as is just and proper.

DOCS_SF:108658.2

Dated: March 28, 2023						LARSON & ZIRZOW LLC


								By: /s/ *Matthew C. Zirzow*
								    Matthew C. Zirzow (NV Bar No. 7222)
								    Zachariah Larson (NV Bar No. 7787)
								    850 E. Bonneville Ave.
								    Las Vegas, NV 89101
								    Tel: (702) 382-1170
								    Email: mzirzow@lzlawnv.com
								               zlarson@lzlawnv.com

								    -and-

								PACHULSKI STANG ZIEHL & JONES LLP
								John D. Fiero (admitted *pro hac vice*)
								Jason H. Rosell (admitted *pro hac vice*)
								One Sansome Street, 34th Floor, Suite 3430
								San Francisco, CA 94104
								Tel: (415) 263-7000
								E-mail: jfiero@pszjlaw.com
								             jrosell@pszjlaw.com

								*Counsel to the Official Committee*
								*of Unsecured Creditors*

# EXHIBIT 1

**Proposed Order**

DOCS_SF:108658.2

| | |
|---|---|
| John D. Fiero (admitted *pro hac vice*)<br>Jason H. Rosell (admitted *pro hac vice*)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>One Sansome Street, 34th Floor, Suite 3430<br>San Francisco, CA  94104<br>Tel: (415) 263-7000<br>E-mail:  jfiero@pszjlaw.com<br>            jrosell@pszjlaw.com<br><br>*Counsel to the Official*<br>*Committee of Unsecured Creditors* | Matthew C. Zirzow (NV Bar No. 7222)<br>Zachariah Larson (NV Bar No. 7787)<br>LARSON & ZIRZOW LLC<br>850 E. Bonneville Ave.<br>Las Vegas, NV 89101<br>Tel:  (702) 382-1170<br>Email:  mzirzow@lzlawnv.com<br>            zlarson@lzlawnv.com<br><br>*Counsel to the Official*<br>*Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>                    Debtor. | Case No. 22-14422-NMC<br><br>Chapter 11 |

DOCS_SF:108658.2

| | |
|---|---|
| WHITE WINSTON SELECT ASSET FUNDS, LLC<br><br>Plaintiff<br><br>v.<br><br>EMPERY TAX EFFICIENT LP, EMPERY TAX EFFICIENT III, EMPERY DEBT OPPORTUNITY FUND, LP, EMPERY MASTER ONSHORE, LLC, IONIC VENTURES, LLC, INTRACOASTAL CAPITAL LLC, BIGGER CAPITAL FUND, LP, DISTRICT 2 CAPITAL FUND LP, L1CAPITAL GLOBAL OPPORTUNITIES MASTER FUND, ALTIUM GROWTH FUND, LP, CVI INVESTMENT INC., ROTH CAPITAL PARTNERS, LLC, and WALLEYE OPPORTUNITY MASTER FUND LTD.<br><br>Defendants. | Adv. P. No. 23-01014-NMC |

**ORDER GRANTING *EMERGENCY* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERVENE IN ADVERSARY PROCEEDING**

Upon the *Emergency Motion of the Official Committee of Unsecured Creditors to Intervene in Adversary Proceeding*, filed by the Official Committee of Unsecured Creditors (the "Committee") of MusclePharm Corporation (the "Debtor"), and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Committee is hereby allowed to intervene in the above-captioned adversary proceeding and shall be entitled to raise and may appear and be heard on any issue, conduct discovery, and file pleadings in connection therewith.

3. The Committee shall be treated as a "Plaintiff" as if originally designated as such in the Complaint, and shall have all rights and obligations as a plaintiff in this Adversary Proceeding. For the avoidance of doubt, the Committee shall have the right to, among other things:

    (i)    raise issues and be heard in the Adversary Proceeding;

    (ii)    participate generally as a plaintiff in the Adversary Proceeding, including participation in settlement discussions among the parties to the Adversary

DOCS_SF:108658.2

Proceeding;

(iii) be consulted with by White Winston; *provided*, *however*, that if the Committee does not agree to any relief sought by White Winston in the Adversary Proceeding, it retains the right to object to such relief before the Bankruptcy Court;

(iv) receive discovery requests and responses and to examine witnesses at depositions or at Bankruptcy Court proceedings;

(v) receive all notices in the Adversary Proceeding;

(vi) file its own papers (except such papers as set forth in paragraph 4 below) in the Adversary Proceeding;

(vii) argue and respond to arguments before the Bankruptcy Court; and

(viii) raise matters of concern by motion.

4. The Committee is not required to file a complaint or amended complaint in the Adversary Proceeding.

5. This Bankruptcy Court retains jurisdiction to resolve any disputes arising under or related to this Order, and to interpret, implement, and enforce the provisions of this Order.

DOCS_SF:108658.2

PREPARED AND SUBMITTED BY:

LARSON & ZIRZOW LLC

/s/ *DRAFT*
Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
         zlarson@lzlawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
         jrosell@pszjlaw.com

*Counsel to the Official
Committee of Unsecured Creditors*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐       The court has waived the requirement of approval under LR 9021(b)(1).

☐       No party appeared at the hearing or filed an objection to the motion.

☐       I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐       I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

4

DOCS_SF:108658.2