John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
          jrosell@pszjlaw.com

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
LARSON & ZIRZOW LLC
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
          zlarson@lzlawnv.com

*Counsel to the Official
Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No. 22-14422-nmc<br><br>Chapter 11 |
| WHITE WINSTON SELECT ASSET FUNDS, LLC<br><br>Plaintiff,<br><br>v.<br><br>EMPERY TAX EFFICIENT LP, EMPERY TAX EFFICIENT III, EMPERY DEBT OPPORTUNITY FUND, LP, EMPERY MASTER ONSHORE, LLC, IONIC VENTURES, LLC, INTRACOASTAL CAPITAL LLC, BIGGER CAPITAL FUND, LP, DISTRICT 2 CAPITAL FUND LP, L1 CAPITAL GLOBAL OPPORTUNITIES MASTER FUND, ALTIUM GROWTH FUND, LP, CVI INVESTMENT INC., ROTH CAPITAL PARTNERS, LLC, and WALLEYE OPPORTUNITY MASTER FUND LTD.<br><br>Defendants. | Adversary Case No. 23-01014-nmc<br><br>***EX PARTE* MOTION FOR ORDER SHORTENING TIME TO HEAR THE *EMERGENCY* MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO INTERVENE IN ADVERSARY PROCEEDING** |

The Official Committee of Unsecured Creditors (the "Committee") hereby files this *ex parte* motion (the "Motion") for the entry of an order shortening time to hear the *Emergency Motion of the Official Committee of Unsecured Creditors to Intervene in Adversary Proceeding* (the "Motion to Intervene"). Specifically, in light of the approaching challenge deadline (April 10, 2023), the

Committee requests a hearing on the Motion to Intervene *on or before March 31, 2023*. In the event the Motion to Intervene is denied, the Committee will need sufficient time to initiate a parallel adversary proceeding challenging the Allowed Claim.

This Application is made pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 9006, the declaration of Jason H. Rosell (the "Rosell Declaration"), filed contemporaneously herewith, the *Attorney Information Sheet* filed contemporaneously herewith, and the points and authorities set forth below and the pleadings and papers and other records contained in the Court's file, judicial notice of which is respectfully requested.

## RELEVANT BACKGROUND

On December 15, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Nevada (the "Court").

On March 8, 2023, the Court entered the *Final Order Regarding Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Fed. R. Bankr. P. 4001(B) and 4001(D): (I) Authorizing the Debtor to Obtain Post-Petition Financing; (II) Granting Priming Liens and Administrative Expense Claims; (III) Determining Adequate Protection; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief* [Bankr. Docket No. 296] (the "Final DIP Order"). Pursuant to paragraph 7 of the Final DIP Order, the Debtor stipulated, except to the extent successfully challenged in a challenge brought in the applicable Challenge Period (defined below), that the defendants named in this Adversary Proceeding (collectively, the "Prepetition Secured Parties") would have an allowed prepetition secured claim against the Debtor in "an amount *not less than* $12.84 Million (the "Allowed Claim"), which is the principal amount of the Prepetition Notes, including the original issue discount." Final DIP Order at ¶ 7 (emphasis added).

Pursuant to paragraph 9 of the Final DIP Order, the Debtor also released, except to the extent successful and timely challenged, the Prepetition Secured Parties from "any and all claims, obligations, rights, suits, damages, causes of action, remedies and liabilities whatsoever, including any derivative claims asserted or which could be asserted on behalf of the [Debtor], whether known or

DOCS_SF:108674.2

unknown, foreseen or unforeseen, existing in law, equity or otherwise . . . relating to . . . the Prepetition Notes or the Prepetition Liens (as defined in the Loan Documents). . . ." Final DIP Order at ¶ 9.

Paragraph 4 of the Final DIP Order establishes April 10, 2023 (the "Committee Challenge Deadline") as the deadline for the Committee to "investigate and challenge and otherwise object to the allowance of the Allowed Claim."

On March 9, 2023, White Winston Select Asset Funds, LLC ("White Winston") commenced the above-captioned Adversary Proceeding. As set forth in the *Complaint* [Adv. Pro. Docket No. 1] (the "Complaint"), White Winston challenges the validity of the Allowed Claim. Specifically, White Winston asserts that (i) the Allowed Claim arises from the purchase and sale of securities and should be subordinated to the claims of general unsecured creditors, (ii) the Prepetition Secured Parties engaged in predatory lending practices and the Allowed Claim must be equitably subordinated to the claims of general unsecured creditors, and (iii) that the prepayment penalty, interest, and fees, are generally unenforceable penalties that must be disallowed under applicable state law and the Bankruptcy Code.

On March 27, 2023, the Debtor and the Committee entered into that certain *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action* [Bankr. Docket No. 349]. Pursuant to the Standing Motion, the Committee is granted exclusive standing to "prosecute, mediate, and/or settle all claims and causes of action related to the Allowed Claim on behalf of the Debtor's estate (i) that are property of the Debtor's estate under section 541 of the Bankruptcy Code, (ii) that arise under sections 544, 546, 547, 548, 549, and 550 of the Bankruptcy Code, or (iii) that arise under section 510(b) of the Bankruptcy Code, against the [Defendants]." Standing Motion at ¶ 1.

The Committee filed the Motion to Intervene on an emergency basis to ensure that the challenge responsibilities abdicated by the Debtor under the Final DIP Order are timely presented by the Committee Challenge Deadline.

As set forth more fully in the Motion to Intervene, the Committee seeks to intervene in the Adversary Proceeding pursuant to Bankruptcy Rule 7024 and Civil Rule 24(a) and (b). The outcome

DOCS_SF:108674.2

of the Adversary Proceeding will materially impact the interests of the Debtor's estate and its creditors. As a result, the Committee has an interest in the outcome of the Adversary Proceeding.

The Committee has refrained filing an action with this Court, similar to the pending Adversary Proceeding, in the interest of conserving the estate's limited resources and for judicial efficiency.

Prior to filing the Motion to Intervene, the Committee requested that White Winston and the Empery defendants stipulate to the Committee's intervention in the Adversary Proceeding, in part to preserve estate resources and for judicial efficiency. However, the Empery defendants – apparently preferring to defend two separate challenges to the releases, debt, and liens validated in the Final DIP Order – were unwilling to agree.

As a result, the Committee filed the Motion to Intervene and, by this Motion, requests a hearing on shortened notice on the Motion to Intervene. The Committee needs the Motion to Intervene to be heard on an expedited basis so that, to the extent the Motion to Intervene is denied, the Committee will have sufficient time to initiate a parallel, and unnecessarily duplicative, adversary proceeding.

**RELIEF REQUESTED**

By this Motion, the Committee requests the entry of an order shortening time to hear the Motion to Intervene. Specifically, in light of the approaching Committee Challenge Deadline (April 10, 2023), the Committee requests a hearing on the Motion to Intervene **on or before March 31, 2023**.

On March 27, 2023, the Committee asked the Debtor, White Winston, and Empery to consent to the relief requested herein. The Debtor and White Winston consent. However, Empery informed the Committee that it does not consent to a hearing on less than six (6) business days' notice (despite the Committee first requesting Empery's consent to intervention on or before March 23, 2023).

**BASIS FOR RELIEF REQUESTED**

Bankruptcy Rule 9006(c)(l) permits a bankruptcy court, for cause shown and, in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(l) provides as follows:

> Except as provided in paragraph 2 of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may, in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

The operative section of the Bankruptcy Code's rules of construction set forth in section 102(1) define the phrase "after notice and a hearing," or similar phrases used throughout the Bankruptcy Code and Bankruptcy Rules as follows:

> (A) … after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes an act without an actual hearing if such notice is given properly and if – (i) such a hearing is not requested timely by a party in interest; or (ii) there is insufficient time for a hearing to be commenced before such an act must be done, and the court authorizes such an act.

11 U.S.C. § 102(1); *see also* Fed. R. Bankr. P. 9001 (making the Bankruptcy Code's rules of construction applicable to the Federal Rules of Bankruptcy Procedure).

Relief under Bankruptcy Rule 9006(c)(1) is committed to the Court's discretion. *See*, *e.g.*, *In re Phila. Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012). "In exercising that discretion, [the Court] should consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *Id.*

Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every application for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing.

As set forth above and in the Rosell Declaration, there are compelling reasons for an expedited hearing on the Motion to Intervene – the Committee must know as soon as possible whether it needs to expend the time and estate resources necessary to initiate a parallel adversary proceeding to challenge the Allowed Claim prior to the Committee Challenge Deadline.

Local Rule 9006 further requires the moving party to submit an *Attorney Information Sheet* indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet was filed contemporaneously with this Application.

## CONCLUSION

WHEREFORE, the Committee respectfully submits that cause exists under Bankruptcy Rule 9006(c)(1) to grant the relief requested herein, and respectfully requests that the Court set an emergency hearing on the Motion to Intervene at the Court's earliest convenience.

Dated: March 28, 2023

LARSON & ZIRZOW LLC

By: /s/ *Matthew C. Zirzow*
Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
zlarson@lzlawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
jrosell@pszjlaw.com
*Counsel to the Official Committee of Unsecured Creditors*